## H. E. WOLFE CONSTRUCTION COMPANY, INC., AND J. B. MICHAEL, PETITIONERS, *v*. THE SECRETARY OF WAR, RESPONDENT.

Docket No. 3–R. Promulgated June 24, 1948.

*Frank D. Upchurch, Esq., A. Longstreet Heiskell, Esq., Frederick L. Pearce, Esq.,* and *Chester Bedell, Esq.,* for the petitioners.
*William T. Becker, Esq.,* for the respondent.

### OPINION.

MURDOCK, *Judge*: The Secretary of War determined that the petitioners had realized excessive profits. The petitioners filed a petition with the Tax Court under section 403 (e) (2) of the Renegotiation Act. They alleged, and the respondent admitted, that the determination was with respect to a fiscal year ending prior to July 1, 1943. The Secretary of War has filed a pleading asking the Court to determine, as excessive profits, an amount greater than that determined by him. The petitioners moved to strike that part of the pleading on the ground, *inter alia*, that the Tax Court has no jurisdiction to determine an amount of excessive profits greater than that determined by the Secretary with respect to a fiscal year ending before July 1, 1943. The parties were heard on that motion.

Authority to renegotiate war contracts was originally vested in the Secretaries, and the Tax Court had no jurisdiction in respect to re-

negotiation. A number of changes were made in the Renegotiation Act by section 701 (b) of the Revenue Act of 1943. One was to create the War Contracts Price Adjustment Board and to substitute it for the Secretaries as the supreme renegotiating authority with respect to years ending after July 1, 1943. Another was to permit contractors, aggrieved by determinations that they had realized excessive profits, to file a petition with the Tax Court. Authority for this was contained in the amendments to section 403 (e) (1) and (2). (1) applied to determinations made by the new Board with respect to fiscal years ending after June 30, 1943, while (2) applied to determinations by Secretaries with respect to fiscal years ending before July 1, 1943. (1) gave the Court the same powers and duties for the purpose of that subsection which it had under certain provisions of the Internal Revenue Code, and further provided:

* * * Upon such filing such court shall have exclusive jurisdiction, by order, to finally determine the amount, if any, of such excessive profits received or accrued by the contractor or subcontractor, and such determination shall not be reviewed or redetermined by any court or agency. The court may determine as the amount of excessive profits an amount either less than, equal to, or greater than that determined by the Board.

(2) was an attempt to give the Tax Court the same jurisdiction and powers with respect to petitions relating to fiscal years ending before July 1, 1943, as were given it under (1) with respect to fiscal years ending after that date. The provisions of (1) referred to above were not repeated in (2), but, instead, the following provision was inserted in section 403 (e) (2):

* * * Upon such filing such court shall have the same jurisdiction, powers, and duties, and the proceeding shall be subject to the same provisions, as in the case of a petition filed with the court under paragraph (1), except that the amendments made to this section by the Revenue Act of 1943 which are not made applicable as of April 28, 1942, or to fiscal years ending before July 1, 1943, shall not apply.

The petitioners make their argument in the difference between (1) and (2). They concede that the quoted words of (2) giving to the Tax Court the same jurisdiction, powers, and duties as in the case of a petition filed under paragraph (1) would give the Court jurisdiction to increase the amount of excessive profits were it not for the exception. But they argue that the exception immediately takes away the jurisdiction given by the general provision to which it is attached. They reason that (2) applies only to fiscal years ending before July 1, 1943, whereas (1) applies only to fiscal years ending after that date; both amendments were made by the Revenue Act of 1943; it is necessary to "apply" (1) in order, under (2), to give the Tax Court jurisdiction to increase the amount of excessive profits; but, since (1) is not made applicable as of April 28, 1942, and is not applicable to

fiscal years ending prior to July 1, 1943, it can not be applied under (2) to give the Tax Court jurisdiction to increase the amount of excessive profits in the present case, which is one for a fiscal year ended prior to July 1, 1943.

This reasoning obviously carries the petitioners too far, because, if the exception deprives the Court of jurisdiction to increase the amount, it also deprives the Court of all jurisdiction with respect to fiscal years ending before July 1, 1943, and this whole proceeding should be dismissed. Furthermore, it is not reasonable to suppose that Congress first gave the Tax Court certain jurisdiction in (2) and, in the same sentence, immediately took it all away, and (2) does not have that effect.

The petitioners are wrong in supposing that any provision of (1) must "apply" under (2) in order to give the Tax Court jurisdiction. (2) does not provide that (1) applies under (2) to give the Tax Court jurisdiction. (2) expressly confers jurisdiction on the Tax Court. The legislators, in (2), adopted, by reference, certain language of (1) instead of repeating that language. They said in (2) that the Court, for the purpose of (2), shall have the same jurisdiction, powers, and duties and the proceedings shall be subject to the same provisions as in the case of a petition filed with the Court under paragraph (1). The reference to paragraph (1) was merely to avoid the repetition of words. But the conferring of jurisdiction is in (2) for the purpose of (2) and (1) does not need to be applied in any respect in order to carry out the purpose of (2). The application of (1) is therefore immaterial under (2).

The purpose of the exception in (2) is readily apparent. April 28, 1942, was the original effective date of renegotiation. Some of the amendments to section 403 (e), made by the Revenue Act of 1943, were not made applicable as of that date, particularly those relating to the powers, duties, and procedures of the new Board. Others were made retroactive. Congress intended that renegotiation as it had been conducted by the Secretaries up to and including all fiscal years ending before July 1, 1943, should stand, subject to certain amendments, and the new Board would not have to go back over all of that renegotiation, but could take over beginning with all subsequent fiscal years.

The Tax Court, having been consulted on the subject, asked Congress to provide, in connection with the jurisdiction of the Tax Court on renegotiation matters, that the Court be allowed, in a proper case, to increase the amount theretofore determined as excessive profits in cases coming before it. It felt that few contractors or subcontractors would forego the privilege of coming before the Court, and too large a burden of renegotiation might be thrown upon the Court unless the

possibility of an increase in the amount of excessive profits were provided as an appropriate deterrent. Congress, after due consideration, inserted in section 403 (e) (1) and (2) the provisions giving this Court the power to increase the amounts. Nothing in the exception at the end of section 403 (e) (2) supports the contention that the Tax Court does not have jurisdiction to increase the amount in the case of petitions filed to contest the determination of the Secretaries with respect to fiscal years ended before July 1, 1943.